**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000481
26-JUL-2023
07:45 AM
Dkt. 37 SO**

NO. CAAP-22-0000481

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOHN P. DUNBAR, JR., Plaintiff-Appellant, v.
ARCHIE HAPAI, III, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC111000158)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant John P. Dunbar, Jr. (**Dunbar**) appeals pro se from two orders on non-hearing post-judgment motions: (1) the order denying Plaintiff's Non-Hearing Motion to Extend the Life of the Judgment (**Order Denying Extension**) entered on May 20, 2022, by the Circuit Court of the Third Circuit (**Circuit Court**);[1] and (2) the order denying Motion for Relief of Judgment or Order (**Order Denying Reconsideration**) entered by the Circuit Court on July 6, 2022.[2]

---

[1]    The Honorable Peter K. Kubota presided.

[2]    Defendant-Appellee Archie Hapai, III (**Hapai**) is also pro se. The parties' briefs do not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), but we nevertheless have considered the merits of both of their arguments to the extent that we have been able to discern them.

Dunbar raises two points of error on appeal, contending that the Circuit Court erred in: (1) finding (in the Order Denying Extension) that the May 14, 2012 Judgment (**Judgment**) entered in favor of Dunbar and against Hapai expired without the timely filing of a motion to extend the judgment; and (2) finding (in the Order Denying Reconsideration), that Dunbar's motion to extend was untimely because it was filed on May 16, 2022, and the Judgment expired on May 14, 2022.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dunbar's points of error as follows:

As noted above, the Judgment was entered on May 14, 2012. Hawaii Revised Statutes (**HRS**) § 657-5 (2016) states:

> **§ 657-5  Domestic judgments and decrees**. <u>Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered.</u> No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. **No extension of a judgment or decree shall be granted unless the extension *is sought* within ten years of the date the original judgment or decree was rendered.** A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

(Emphases added).

In addition, Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 6(a) provides, in relevant part:

> **Rule 6.    TIMES.**
>      **(a) Computation.**  <u>In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute</u>, the day of the act, event, or default after which the

> designated period of time begins to run shall not be included. <u>The last day of the period so computed shall be included unless it is a Saturday</u>, a Sunday or a holiday, <u>in which event the period runs until the end of the next day which is not a Saturday</u>, a Sunday or a holiday.

(Emphases added).

Thus, pursuant to HRS § 657-5, absent an extension being granted, the May 14, 2012 Judgment was presumed to be paid and discharged at the expiration of ten years after the Judgment was entered. Also, pursuant to HRS § 657-5, no extension of the Judgment could be granted unless the extension was sought within ten years of the date of the original Judgment. That said, HRCP Rule 6(a), which applies to any applicable statute, provides that the last day of that ten-year period is included unless, *inter alia*, it falls on a Saturday, in which case the period runs until the end of the following day that is not excluded.

Here, the ten-year period after the Judgment was rendered would have ended on May 14, 2022, except for the undisputed and indisputable fact that May 14, 2022 was a Saturday. Accordingly, here, the statutory period ran until the end of the day on Monday, May 16, 2022. [Dunbar's] Non-Hearing Motion to Extend the Life of the Judgment (**Motion to Extend**) was timely filed on May 16, 2022.[3] Therefore, the Circuit Court erred when it denied that motion, as well as the motion for

---

[3]     Hapai's argument that an extension must be granted within the statutory period is inconsistent with the plain language of the statute and therefore is without merit.

reconsideration, on the grounds that the Judgment expired on May 14, 2022, and the Motion to Extend was untimely.[4]

For the foregoing reasons, we vacate the Circuit Court's May 20, 2022 Order Denying Extension and July 6, 2022 Order Denying Reconsideration, and remand this case to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, July 26, 2023.

On the briefs:

John P. Dunbar, Jr.,
Plaintiff-Appellant *Pro Se*.

Archie Hapai, III,
Defendant-Appellee *Pro Se*.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[4] We note that Hapai did not object or respond to either motion, notwithstanding that the record reflects that he was served with both. See Sacor Fin., Inc. v. Naluai, CAAP-22-0000465, 2023 WL 4145924, *1 (Haw. App. June 23, 2023) (SDO) (concluding that HRS § 657-5 is a statute of limitations for actions to enforce domestic judgments, which includes a deadline for seeking to extend the time period to enforce the judgment, and that the defense of the statute of limitations is a personal defense, the defendant alone may exercise or waive it, and it may not be invoked on behalf of the defendant by the court).